CORRUGATED METAL CO. v. PATTISON et al.

SAME v. MARTIN METAL MFG. CO.

(District Court, D. Kansas, Second Division.)

Nos. 1,266, 1,267.

**1. PATENTS (§ 310\*)—SUITS FOR INFRINGEMENT—PLEADING—ANSWER.**

An answer, in a patent suit, pleading prior publications descriptive of the patented invention, must certainly identify the publications, or a copy must be filed; but where prior patents are relied on, it is sufficient to give their number and date and the name of the patentee.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.\*]

**2. PATENTS (§ 310\*)—SUITS FOR INFRINGEMENT—PLEADING—ANSWER.**

An answer, in a patent suit, pleading prior use, must locate the time and place of such use with such directness and certainty as will enable complainant to go upon the ground and determine what acts there done are relied on.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.\*]

In Equity. Suits by the Corrugated Metal Company against E. H. Pattison and others and against the Martin Metal Manufacturing Company, originally brought in the Circuit Court and by operation of law transferred to the District Court and heard on exceptions to answers. Sustained in part.

Wallace R. Lane and George Mankle, for complainant.
Dale & Amidon, for defendant.

POLLOCK, District Judge. The above are suits for infringement of letters patent No. 559,642, issued May 5, 1896, to James H. Watson. Defendants have interposed the same answer in each case. Complainant has filed exceptions thereto.

[1] The first exception taken covers three propositions: First, defendant pleads an elaborate list of patents prior in date to the patent in suit, and avers the same had been described and illustrated in printed publications and patents prior to the date of the supposed invention of the said James H. Watson. It is contended the pleading is insufficient, in that it is not averred the invention covered by the patent sued on had not been patented to any one.

However, as the list set forth by defendants, in which it is claimed the invention covered by the patent in suit was described and illustrated, does not in any case name a paper or periodical or other publication, but in each case, except as hereinafter mentioned, is descriptive of a patent the number of which is given, and the person to whom it was issued, and the date it was granted, and as the object of such pleading is to apprise complainant of the precise matters which will be offered in proof as against the validity of the patent in suit, and this to the end that the proofs may be thus limited, and complainant shall not be by the proofs taken unawares, the exception taken thereto in this instance is overruled.

The second and third points of the first exception, namely, that the answer is insufficient in failing to plead the date when granted or the name of the person to whom letters patent No. 246,597, and No. 332,-402, and the British patents, as pleaded by defendant, is well taken, and is sustained as too indefinite and uncertain.

In so far as the second and third exceptions go to prior publications descriptive or illustrative of the invention covered by complainant's letters patent, the answer must either plead such prior publication relied upon with such certainty as to enable complainant to surely identify the same, or a copy of such prior publication descriptive or illustrative of the invention covered by complainant's patent must be filed with the answer.

[2] That portion of the answer which pleads prior use of the invention covered by complainant's letters patent must locate the time and place of such use with such directness and certainty as will enable complainant or its representatives to go upon the ground and determine what acts there done are relied upon by defendant to constitute prior use. In so far, the exceptions are well taken.

Let the second and third exceptions, in so far as stated, be sustained. It is so ordered.

If so advised by their solicitors, defendants may amend their answers herein to conform to the views expressed, on or before the July rules of this court.